FILED
17 NOV 28 PM 1:21
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: LC   DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRILLO PROPERTY INVESTMENTS, LLC., <br><br> Plaintiff, <br><br> v. <br><br> JENNIFER ROBINSON, RUCHELL ROBINSON, and DOES 1-10, Inclusive, <br> Defendants. | Case No.: 3:17-cv-02003-BEN-NLS <br><br> **ORDER GRANTING MOTION TO REMAND** <br><br> [Doc. No. 2] |

Plaintiff Carrillo Property Investments, LLC. has filed a Motion to Remand this action to state court. (Doc. No. 2.)

## BACKGROUND

The procedural history between these parties concerning the property at 4867 Seascape Drive, Oceanside, CA 92057 ("Property") includes multiple state court actions and bankruptcy proceedings. The Complaint alleges Plaintiff purchased the property at a Trustee's Sale on August 23, 2016.

On May 25, 2017, Plaintiff served Defendants Jennifer Robinson and Ruchell

1

Robinson with a "3-Day Notice to Quit." (Doc. No. 2.) Defendants did not surrender possession on June 12, 2017 and were served with an unlawful detainer Complaint on June 16, 2017. (*Id.*) Defendants were required to vacate the property, but have remained without consent. (Doc. No. 1.) Plaintiff demands possession of the property and rent owed for Defendants' continued possession. (Doc. No. 2.) The Complaint also asserts the amount demanded is less than $10,000. (*Id.*)

## DISCUSSION

Congress has authorized a defendant to remove a civil action from state court to federal court. 28 U.S.C. § 1441. However, the removing party "always has the burden of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The district court must remand any case previously removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Moreover, there is a strong presumption against removal jurisdiction; doubts as to whether the federal court has subject matter jurisdiction must be resolved in favor of remand. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). A defense based on federal law is not sufficient to remove an action to federal court. *Berg v. Leason*, 32 F.3d 422, 426 (9th Cir.1994) ("[N]either an affirmative defense based on federal law . . . nor one based on federal preemption . . . renders an action brought in state court removable.").

### I. Removal is Untimely

A defendant has 30 days from the date of service to remove an action to federal court. 28 U.S.C. § 1446(b)(1). The 30 day period to file a Notice of Removal is statutory and cannot be extended by stipulation. *Ortiz v. Gen. Motors Accept. Corp.*, 583 F. Supp. 526, 531 (N.D. Ill. 1984) (holding stipulation extending time to answer does not extend time to remove.).

Defendants were served with the Summons and Complaint on June 16, 2017,

giving them until July 26, 2017 to file for removal.[1] (Doc. No. 2.) However, Defendants did not file their removal documents until September 29, 2017, which is nearly 60 days beyond the due date. (*Id.*) Therefore, Defendants' removal is untimely.

## II. Federal Question

Defendants Notice of Removal asserts this Court has jurisdiction based on federal question, under 28 U.S.C. 1441, and by claiming Plaintiff committed fraud by filing an unregistered Security Bond issue in the Superior Court under the guise of a Non Judicial Foreclosure pursuant to the 1934 Security Exchange Act. (Doc. No. 1.) However, [f]ederal jurisdiction typically exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). "A federal law defense to a state-law claim does not confer jurisdiction on a federal court." *Id.* Unlawful detainer actions, the claim asserted in Plaintiff's Complaint, arise under state law. No federal claim is presented on the face of the Complaint. And, even if Defendants' assertion that the unlawful detainer statutes violate the 1934 Security Exchange Act, it would only be a federal defense. Defendants have not established this Court has jurisdiction based on federal question.

## III. Diversity

Defendants assert this Court also has jurisdiction under 28 U.S.C. § 1332(a)(2) because Defendants are "foreign minority woman [sic]" and the amount in controversy exceeds $75,000.[2] (Doc. No. 1.) The Court need not consider whether diversity of

---

[1] Defendants were provided ten extra days as required when service is obtained via posting extending their deadline to file for removal from July 16, 2017 to July 26, 2017. (Doc. No. 2.)

[2] Defendants assert, without declaration or affidavit in support, that they are "a foreign minority woman [sic] under the racially and ethnically discriminatory laws of the State of California." Assuming the Court accepted this unsupported assertion, Defendants still fail to address what their country of citizenship is "if other than then United States" and whether Defendants "are lawfully admitted for permanent residence in the United States

citizenship exists because the amount in controversy does not exceed $75,000.[3] Defendants argue that the value of the property is the amount in controversy. The Court may consider the value of property in calculating the amount in controversy when the property is the subject of the litigation. Here, the property is not the subject of the litigation. "In unlawful detainer actions, . . . the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy." *Litton Loan Serv. L.P. v. Villegas*, 2011 WL 204322, *2 (N.D. Cal. Jan. 21, 2011) (relying on *Evans v. Super. Ct.*, 67 Cal. App. 3d 162, 170 (2nd Dist. 1977)). The Complaint seeks less the $10,000 and Defendants have failed to establish the amount in controversy is any more than $10,000. Defendants have not established this Court has jurisdiction base on Diversity.

## CONCLUSION

This Court lacks subject matter jurisdiction. Accordingly, the Court **REMANDS** this action to the San Diego County Superior Court. The Court further awards attorneys' fees to Plaintiff. 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

DATED: 11/28/2017

Hon. Roger T. Benitez
United States District Court

---

and are domiciled in the same State." § 1332(a)(2). The question arises because Defendants' acknowledge that Defendants have a residence in California. If Defendants are lawfully admitted for permanent residence in the United States, under § 1332(a)(2), this Court would lack jurisdiction. § 1332(a)(2) ("[T]he district courts shall not have original jurisdiction under this subsection of an action between citizens of a state and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same state."). (Doc. No. 1 at 5.)

[3] "The Complaint itself says it is for a controversy under $10,000. Even looking at the current value of the Complaint, the Complaint alleges daily rental value at only $11,179.14." (Doc. No. 2 at 7.)